TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Amy Faulk*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Faulk,<br><br>    Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation,<br>Trans Union, LLC, a Delaware limited liability company,<br>First Premier Bank, a South Dakota corporation, and<br>Bridgecrest f/k/a Drive Time Automotive Group, Inc., a Delaware corporation.<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, AMY FAULK, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Casa Grande, Pinal County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), an Ohio corporation that maintains a registered in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

   c. First Premier Bank ("First Premier"), a South Dakota company that conducts business in Pinal County, Arizona; and

2

    d. Bridgecrest f/k/a Drive Time Automotive Group, Inc. ("Bridgecrest"), a Delaware corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Bridgecrest f/k/a Drive Time is reporting its trade line with account number 11900316**** with multiple repossessions every month between the months of April 2014 through March 2016 on Plaintiff's Trans Union credit file and between the months of April 2014 through April 2016 on Plaintiff's Experian credit file.

7. First Premier is reporting its trade line with account number 517800631511**** on Plaintiff's Trans Union credit file with charge offs each month between the months of June 2014 through January 2016 and between the months of June 2014 through May 2016.

8. These trade lines are hereinafter referred to as "Errant Trade Lines."

9. The multiple repossessions are inaccurate as they inaccurately reflect that the vehicle, which is the subject of the Bridgecrest trade line, was repossessed more recently when, in actuality, it was repossessed over two years ago. Like the multiple charge offs, the reporting of multiple repossessions month after month negatively affects Plaintiff's credit score.

3

10. The multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.  Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month.  While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs.  Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly large and devastating effect on Plaintiff's credit score.  There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

11. Credit reporting is a collection activity that benefits the lender.  By reporting multiple charge offs and multiple repossessions, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate until she pays the debt.

12. The multiple charge offs convey to any user or prospective of Plaintiff's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

13. Sometime in March or April 2014, Plaintiff's vehicle, which is the subject of the Bridgecrest Errant Trade Line, was repossessed.

4

14. On or about February 23, 2016, Ms. Faulk obtained her credit files and noticed multiple repossessions on the Bridgecrest Errant Trade Line and multiple charge offs on the First Premier Errant Trade Line.

15. On or about March 28, 2016, Ms. Faulk submitted letters to Experian and Trans Union, disputing the multiple charge offs and multiple repossessions on the Errant Trade Lines.

16. Upon information and belief, Experian and Trans Union transmitted Ms. Faulk's consumer dispute to First Premier and Bridgecrest.

17. On or about April 15, 2016, Ms. Faulk received a letter from First Premier, which stated that in her correspondence, she did not indicate what specific information she was disputing.  This is false because Ms. Faulk made her dispute clear that she was disputing the multiple charge offs on the Errant First Premier Trade Line.

18. On or about April 20, 2016, Ms. Faulk received another letter from First Premier, which again stated that she did not indicate what specific information she was disputing.  Again, this is false.

19. On or about April 21, 2016, Ms. Faulk received Trans Union's investigation results, which showed that Bridgecrest retained the multiple repossessions on its Errant Trade Line.  This also showed that First Premier retained the multiple charge offs on its Errant Trade Line.

5

20. On or about May 26, 2016, Ms. Faulk obtained her Experian credit report which showed that Bridgecrest retained the multiple repossessions between the months of April 2014 through April 2016. Further, First Premier retained charge offs between the months of June 2014 through May 2016.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BRIDGECREST

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian and Trans Union of Ms. Faulk's consumer dispute of the multiple repossessions of the Errant Trade Line, Bridgecrest negligently failed to conduct a proper investigation of Ms. Faulk's dispute as required by 15 USC 1681s-2(b).

23. Bridgecrest negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the multiple repossessions from the Errant Trade Line.

24. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Faulk's consumer credit files with Experian and Trans Union to which it is reporting such trade line.

25. As a direct and proximate cause of Bridgecrest's negligent failure to perform its duties under the FCRA, Ms. Faulk has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Bridgecrest is liable to Ms. Faulk by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Ms. Faulk has a private right of action to assert claims against Bridgecrest arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bridgecrest for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BRIDGECREST

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Experian and Trans Union that Ms. Faulk disputed the accuracy of the information it was providing, Bridgecrest willfully failed to conduct a proper reinvestigation of Ms. Faulk's dispute.

30. Bridgecrest willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Bridgecrest's willful failure to perform its duties under the FCRA, Ms. Faulk has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Bridgecrest is liable to Ms. Faulk for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bridgecrest for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Experian and Trans Union of Ms. Faulk's consumer dispute of the multiple charge offs of the Errant Trade Line, First Premier negligently failed to conduct a proper investigation of Ms. Faulk's dispute as required by 15 USC 1681s-2(b).

35. First Premier negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the multiple charge offs from the Errant Trade Line.

36. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Faulk's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

37. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Ms. Faulk has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. First Premier is liable to Ms. Faulk by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Ms. Faulk has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Experian and Trans Union that Ms. Faulk disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Ms. Faulk's dispute.

42. First Premier willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Ms. Faulk has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. First Premier is liable to Ms. Faulk for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Faulk as that term is defined in 15 USC 1681a.

47. Such reports contained information about Ms. Faulk that was false, misleading, and inaccurate.

48. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Faulk, in violation of 15 USC 1681e(b).

49. After receiving Ms. Faulk's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Faulk has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Trans Union is liable to Ms. Faulk by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Faulk as that term is defined in 15 USC 1681a.

54. Such reports contained information about Ms. Faulk that was false, misleading, and inaccurate.

55. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Faulk, in violation of 15 USC 1681e(b).

56. After receiving Ms. Faulk's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Faulk has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Trans Union is liable to Ms. Faulk by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Faulk as that term is defined in 15 USC 1681a.

61. Such reports contained information about Ms. Faulk that was false, misleading, and inaccurate.

62. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Faulk, in violation of 15 USC 1681e(b).

63. After receiving Ms. Faulk's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Faulk has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Experian is liable to Ms. Faulk by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Faulk as that term is defined in 15 USC 1681a.

68. Such reports contained information about Ms. Faulk that was false, misleading, and inaccurate.

14

69. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Faulk, in violation of 15 USC 1681e(b).

70. After receiving Ms. Faulk's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Faulk has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Experian is liable to Ms. Faulk by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 13, 2016

                            KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Amy Faulk